857 A.2d 1278

IN THE MATTER OF RICHARD L. ROSENTHAL, AN ATTORNEY AT LAW (ATTORNEY NO. 211071965).

October 1, 2004.

## O R D E R

This matter having been duly presented to the Court pursuant to *R.* 1:20–10(e), following a motion for discipline by consent of **RICHARD L. ROSENTHAL,** who was admitted to the bar of this State in 1965, and who thereafter was suspended from the practice of law by Order of the Court filed on October 16, 2003, effective November 15, 2003, and who remains suspended at this time;

And the District X Ethics Committee and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.1(a) (gross neglect) and *RPC* 1.4(a) (failure to communicate with client), and that respondent requires psychological counseling in connection with his practice of law;

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a) and *RPC* 1.4(a); and that in light of respondent's psychological condition, said conduct warrants an indeterminate suspension;

And the Disciplinary Review Board having determined that on the basis of respondent's ethics history and the stipulated record, a three-month suspension from practice, together with conditions on respondent's practice is the appropriate discipline for respondent's ethics violations, and having granted the motion for discipline by consent;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *R.* 1:20–16(e);

And **RICHARD L. ROSENTHAL** having been ordered to show cause why the Court should accept the consent to discipline presented by the Disciplinary Review Board and why respondent should not be otherwise disciplined as provided in *Rule* 1:20–15A;

And good cause appearing;

It is ORDERED that **RICHARD L. ROSENTHAL** of **MORRIS PLAINS** is hereby suspended from the practice of law for a period of three months, retroactive to May 15, 2004, the expiration of respondent's suspension in DRB 03–156; and it is further

ORDERED that prior to reinstatement to practice, respondent shall be required to provide proof of his fitness to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner and shall be supervised in the practice of law by a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law and continue to comply with *Rule* 1:20–20; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.